UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSYE BROOKTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3149 |
| | § | |
| GC SERVICES LIMITED PARTNERSHIP, *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

## I.      Introduction

Pending before the Court is the defendants', GC Services Limited Partnership, DLS Enterprises, Inc. and GC Financial Corp., motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Docket Entry No. 32).  The plaintiff, Josye Brookter, filed a response (Docket Entry No. 33), to which the defendants filed a reply (Docket Entry No. 34).  Also pending is the plaintiff's motion for Rule 11 Sanctions (Docket Entry No. 35), to which the defendants responded (Docket Entry No. 36).  The plaintiff filed a reply in support of this latter motion as well (Docket Entry No. 39).[1]  After having carefully reviewed the motions, the responses and the applicable law the Court grants the defendants' motion to dismiss and denies the plaintiff's motion for sanctions.

## II.      Factual Background

This case concerns a Fair Debt Collection Practices Act ("FDCPA") allegation and the subsequent interaction between the parties' attorneys.  The plaintiff is an alleged consumer debtor, and the defendants comprise a debt collection agency that collects delinquent student

---

[1] The Court entered an order (Docket Entry No. 38) staying the plaintiff's motion for sanctions until it resolved the defendants' motion to dismiss.

loans for various creditors.  On November 25, 2009, the defendants left a voice message on the plaintiff's answering machine concerning her alleged debt.  In December 2009, and January 2010, the defendants mailed documents to the plaintiff concerning that alleged debt.

On August 31, 2010, the plaintiff filed suit.  On November 18, 2010, the defendants sent the plaintiff – via facsimile and email – a purported Rule 68 offer of judgment, offering her $1,001 in damages, along with reasonable attorney's fees and costs.  On December 2, 2010, the plaintiff filed a motion for class certification and appointment of class counsel, in which she acknowledged receipt of the defendants' settlement offer but complained that it was procedurally flawed.  The Court denied the plaintiff's class certification motion on February 2, 2011.  On February 4, 2011, the defendants moved for dismissal pursuant to Rule 12(b)(1).

III.    Contentions of the Parties

A.    The Defendants' Contentions

The defendants contend that the plaintiff lacks standing to bring her claim, both because she refused a legally sufficient offer of judgment for her individual claims and because she is unable to represent an uncertified class of similarly situated individuals.  Therefore, they claim that the plaintiff has failed to meet her burden of establishing subject matter jurisdiction.  They assert that none of the plaintiff's cited cases apply here because there is no motion for class certification pending.  They aver that the plaintiff's technical arguments about service under Federal Rules of Civil Procedure 5 and 68 are incorrect, inconsistent with her prior arguments and irrelevant to the Court's subject matter jurisdiction analysis.

As to sanctions, the defendants contend that the plaintiff's counsel consistently attempts to invalidate Rule 68 offers for the purposes of harassing defendants and generating unnecessary

attorneys' fees.  They assert that the plaintiff's counsel presents an unconscionable argument, because they maintain that sanctions are reserved for extreme behavior not present here.

### B.       The Plaintiff's Contentions

The subject of the present motions arises out of the plaintiff's underlying allegations that the defendants violated the FDCPA, 15 U.S.C. § 1692, *et seq*.  The plaintiff asserts that the defendants failed to invoke Rule 68's operation by delivering their offer of judgment via facsimile and email and that their motion to dismiss is consequently without merit.  She contends that, notwithstanding their unsuccessful attempt to invoke Rule 68, the defendants cannot force dismissal of the plaintiff's claims by trying to eliminate a putative class representative's claim. She avers that she, the putative class and the general public all maintain a current interest in the outcome of this litigation.  The plaintiff also moves that Rule 11 sanctions be imposed on the defendants and their attorney-in charge for filing a "frivolous and baseless" motion to dismiss.

### IV.     Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction.  "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Because federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans &*

*Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc.*, *Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.")  In making its ruling, the court may rely on any of the following:  "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

## V.      Analysis and Discussion

### A.      Subject Matter Jurisdiction

The Court grants the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) because it determines that the plaintiff has relinquished her ability to bring suit.  The plaintiff no longer has a personal interest in this litigation.  Accordingly, the case is moot, and the Court lacks subject matter jurisdiction.

Under the FDCPA, upon a successful action, a plaintiff may recover a maximum of $1,000.00 in statutory damages, as well as reasonable attorney's fees and costs. 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(a)(3).  The FDCPA only allows for $1,000.00 per proceeding, not per violation.  *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994);

*Goodman v. People's Bank*, 209 Fed. Appx. 111, 114 (3d Cir. 2006).[2]   The plaintiff does not dispute that the defendants offered her $1,001.00 and her attorney's fees and costs.   However, she, through her attorney, chose not to accept complete relief.   Because the defendants offered the plaintiff relief that would have made her whole if she prevailed at trial, and she rejected their offer, there is no longer any dispute pending over which to litigate.   *See Krim v. PCOrder.com*, 402 F.3d 489, 502 (5th Cir. 2005).

A case becomes moot "when the plaintiff ceases to have a personal interest in the outcome of the suit.   *United States v. Boston*, No. 08-10341, 2011 U.S. App. LEXIS 6036, at * 2 (5th Cir., Mar. 23, 2011) (citing *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)).   That is because once a defendant offers to satisfy a plaintiff's entire demand, the plaintiff who refuses that satisfaction "loses outright . . . because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).[3]

The parties dispute the sufficiency of the plaintiff's purported Rule 68 offer of judgment. Despite the plaintiff's disingenuous technical argument that the defendants failed to properly serve their Rule 68 offer, it is of no import whether the defendants made their offer in the form of a Rule 68 offer rather than as regular written settlement offer.   *Damasco v. Clearwire Corp.*, No. 10-CV-3063, 2010 WL 3522950, at *9 (N.D. Ill. 2010).   "The salient point is not whether the offer was made under Rule 68, but that it was made prior to the filing of a class certification motion."   *Martin v. PPP, Inc., et al.*, 719 F.Supp.2d 967, 971 (N.D. Ill. 2010).[4]   Even in the case of a putative class action – which the Court has disallowed here – "a purported class action

---

[2] A plaintiff may also recover actual damages under the FDCPA.   15 U.S.C. § 1692k(a)(1).   However, the plaintiff is not claiming any actual damages.

[3] *Accord*, *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco Inc.*, 719 F.2d 23, 32-34 (2d Cir. 1983); *Spencer-Lugo v. INS,* 548 F.2d 870 (9th Cir. 1977).

[4] *Accord, Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009).

becomes moot when the personal claims of all named plaintiffs are satisfied and no class has

been certified. *Murray v. Fidelity Nat. Financial, Inc.*, 594 F.3d 419, 421 (5th Cir. 2010)

(internal citations omitted). As a result, there is nothing left to litigate, and the Court must

dismiss for lack of subject matter jurisdiction.

### B. Sanctions

The Court denies the plaintiff's motion for sanctions. Rule 11 sanctions "are to be

imposed sparingly, as they can have significant impact beyond the merits of the individual case

and can affect the reputation and creativity of counsel." *Hartmax Corp. v. Abboud*, 326 F.3d

862, 867 (7th Cir. 2003) (internal quotations omitted).[5] Moreover, the Court admonishes the

plaintiff's attorney that it will not permit such petty gamesmanship in the future. Once the

defendants offered the plaintiff a full and complete recovery, she had nothing further to gain

from continued litigation.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion to

dismiss, and it DENIES the plaintiff's motion for sanctions.

It is so **ORDERED**.

SIGNED at Houston, Texas this 26th day of April, 2011.

_____

Kenneth M. Hoyt
United States District Judge

---

[5] Rule 11 should not be employed "to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable [or] to increase the costs of litigation." FED. R. CIV. P. 11, Advisory Committee Notes, 1993 Amendment. In fact, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *Id.*